NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

LOHENGRIN M., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, J.M., *Appellees.*

No. 1 CA-JV 15-0355
FILED 5-31-2016

Appeal from the Superior Court in Maricopa County
No. JD 30385
The Honorable Connie Contes, Judge

**AFFIRMED**

COUNSEL

Vierling Law Offices, Phoenix
By Thomas A. Vierling
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Carol A. Salvati
*Counsel for Appellees*

---

**MEMORANDUM DECISION**

Presiding Judge Patricia A. Orozco delivered the decision of the Court, in which Judge Peter B. Swann and Judge Jon W. Thompson joined.

---

**O R O Z C O**, Judge:

¶1        In April 2015, Arizona Department of Child Safety (DCS) initiated a petition for dependency for a minor child, J.M., alleging that J.M. was dependent as to Lohengrin M. (Father) due to neglect.[1]  The petition claimed Father was unable to care for J.M. due to domestic violence, substance abuse concerns and because he failed to provide J.M. the basic necessities of life.

¶2        After a hearing in October 2015, J.M. was found dependent as to Father.  Father timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes (A.R.S.) sections 8-235.A, 12–120.21.A.1 and -2101.A (West 2016).[2]

**DISCUSSION**

¶3        On appeal, Father argues the juvenile court erred by failing to consider DCS's delay in providing services and that it improperly considered circumstances as of the time of the filing of the petition.  A child is dependent when the child's caregiver is neglectful.  A.R.S. § 8-201.14(a)(iii).  Neglect is defined as the "inability or unwillingness of a parent, guardian or custodian of a child to provide that child with supervision, food, clothing, shelter or medical care if that inability or unwillingness causes unreasonable risk of harm to the child's health or welfare." A.R.S. § 8–201.24(a).  The juvenile court must find the allegations supporting dependency by a preponderance of the evidence. A.R.S. § 8-844.C.1.  *See also Cochise Cty. Juv. Action No. 5666–J*, 133 Ariz. 157, 159 (1982) (holding that a court may find a child dependent as to a parent if

---

[1]        The petition also sought to determine J.M. dependent as to his mother, Kristi R. (Mother).  J.M. was found dependent as to Mother but she is not party to this appeal.

[2]        We cite to the current version of applicable statutes absent any change material to this decision.

proven by preponderance of evidence). "This court will not disturb the court's disposition in a dependency action unless its findings of fact were clearly erroneous and there is no reasonable evidence to support them." *Andrew R. v. Ariz. Dep't of Econ. Sec.*, 223 Ariz. 453, 456, ¶ 15 (App. 2010) (citations omitted).

## I.        Availability of Reunification Services

¶4        Father argues that the court did not properly consider the unavailability of services as a mitigating factor.  When a child has been removed from the home, "the court shall order [DCS] to make reasonable efforts to provide services to the child and the child's parent."  A.R.S. § 8-846.A.  In making dependency determinations, the court must prioritize a child's health and safety, and consider the services that have been offered consistent with the goal of reuniting the family.  *See* A.R.S. § 8-845.B.2, C. The "availability of reasonable services to the parent or guardian to prevent or eliminate the need for removal of the child and the effort of the parent or guardian to obtain and participate in these services" shall be considered a mitigating factor.  A.R.S. § 8-844.B.

¶5        At the dependency hearing, the court heard evidence of the services offered to Father.  Father testified that he initiated counseling on his own after DCS failed to follow through on its referral.  However, a DCS caseworker testified Father was referred to counseling services, but they were not initiated because he elected to self-refer.  The caseworker further testified that an order for a psychological evaluation was made in May 2015, but that the report was not completed by the hearing.  In making its dependency determination, the juvenile court found DCS had "delay[ed] . . . providing reunification services," and "fail[ed] to provide the father with a psychological evaluation, in a timely manner."  Based on this finding, we conclude the court considered the failure of DCS to provide services as a mitigating factor.  Also, Father has not shown how DCS's failure to provide services impacted his ability to eliminate the reasons for J.M's removal.

## II.        Circumstances at Time of Dependency Hearing

¶6        Father also argues there was insufficient evidence to support a dependency determination at the time of the hearing.  In support of dependency, the court found that Father and Mother had a history of domestic violence in front of J.M., Father failed to establish custody, failed to provide financial assistance for J.M., and failed to protect J.M. from Mother's mental health issues.

¶7      A finding of dependency must be made based on the circumstances existing at the time of adjudication.  *See Shella H. v. Dep't of Child Safety*, 239 Ariz. 47, 50, ¶ 12 (App. 2016).  A child may be dependent if a parent is unwilling or unable to protect the child from abuse, including domestic violence committed by one parent toward the other parent in the presence of the child.  *Id.* at ¶ 14.  In *Shella H.*, this court rejected the argument that domestic violence must be ongoing at the time of adjudication to sustain a finding of dependency.  *Id.* at 51, ¶ 16.

¶8      In making its determination here, the juvenile court found that Father had a pending domestic violence charge resulting from an incident between Mother and Father.  At the dependency hearing, Father testified he entered a not-guilty plea related to the domestic violence offense, but admitted to holding Mother down at one point during a two-hour altercation.  Mother testified that during the incident, Father hit her, spit in her mouth and pushed her on the bed.  Father admitted to arguing with Mother in front of J.M.  A DCS caseworker testified that she had concerns about ongoing domestic violence.  Because the juvenile court is in the best position to ascertain the reliability of witnesses, we do not question its determination of credibility unless no reasonable evidence supports it.  *See Christina G. v. Ariz. Dep't of Econ. Sec.*, 227 Ariz. 231, 234, ¶ 13 (App. 2011).

¶9      In further support of its determination, the juvenile court found Father failed to provide financial assistance and to protect J.M. from Mother's mental health issues.  At the time of the dependency hearing, J.M. had already been found dependent as to Mother, eliminating any ongoing need to protect J.M. from her mental health concerns.  However, reasonable evidence supports the juvenile court's finding J.M. dependent because Father was unable to provide an appropriate living environment.  The DCS caseworker testified Father's living situation, specifically his roommate, rendered Father's living arrangement inappropriate for J.M.  Because the record supports a finding that Father could not provide J.M. shelter at the time dependency was determined, we affirm the juvenile court's determination.  *See* A.R.S. § 8-201.24(a).

## CONCLUSION

**¶10**  For the foregoing reasons, we affirm the juvenile court's finding J.M. dependent as to Father.



Ruth A. Willingham · Clerk of the Court
FILED: AA